1081

(No. 76-CV-0839 — )

IN RE APPLICATION OF MARIE ROVETUSO TODORICH, Claimant; ANTHONY Rovetuso, Deceased Victim.

*Opinion filed October 25, 1978.*

PER CURIAM.

This claim arises out of an incident that occurred on October 10, 1975. Marie Rovetuso, widow (now married) of the deceased victim, Anthony Rovetuso, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," hereafter referred to as the Act, *(Ill. Rev. Stat., Ch. 70, §71, et seq.).*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. The Claimant's deceased husband, Anthony Rovetuso, age 45, was a victim of a violent crime as defined in §72(c) of the Act, to wit: Murder *(Ill. Rev. Stat., Ch. 38, §9-1).*

2. On October 10, 1975, the victim was shot during the course of an armed robbery. The incident occurred on the street at 3956 W. Lake Street, Chicago, Illinois, The victim was taken to Loretto Hospital where he subsequently died of his wounds.

3. The Claimant seeks compensation for funeral expenses and for loss of support for the victim's stepson, Matthew Bowman, age 16.

4. Funeral and burial expenses were paid by the Claimant in the amount of $3,409.00, of which $2,000.00 is deemed compensable by the Court.

5. The Claimant's son (victim's step-son) was dependent upon the victim for support.

6. That §74 of the Act states ". . .loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

7. That prior to his death, the victim was employed by Sarcol, Inc. and his average monthly earnings were $1,243.51.

8. That the victim was 45 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States,* 1973, Life Tables, Volume II, his life expectancy would have been 72.5 years. The projected loss of earnings for 27.5 years is in excess of $10,000.00 which is the maximum amount compensable under §77(e) of the Act.

9. That §77(d) of the Act provides for a deduction of $200.00 plus the amount of benefits, payments or awards payable under the "Workmen's Compensation Act," *(Ill. Rev. Stat., Ch. 48, §138.1, et seq.),* from local governmental, State or Federal funds or from any other source except annuities, pension plans, Federal Social Security benefits and the net proceeds of the first $25,000.00 of life insurance paid or payable to the Claimant.

10. The Claimant has received $61,680.01 from life insurance policies as a result of the victim's death, of

which $36,680.01 can be counted as applicable deductions.

11. After making all the applicable deductions under the Act, the Claimant's loss is in excess of the $10,000.00 maximum award allowed in §77(e) of the Act.

12. The Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

13. The Claimant's interest would be best served if the award hereunder would be paid to her pursuant to the alternative provisions of §78 of the Act.

It is therefore, hereby ordered that the sum of $10,000.00 be and is hereby awarded to Marie Rovetuso Todorich, widow of Anthony Rovetuso, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) $2,000.00 to be paid to Marie Rovetuso Todorich;

(b) Sixteen equal monthly payments of $500.00 each to be paid to Marie Rovetuso Todorich for the use and benefit of Matthew Bowman, stepson of the deceased victim, Anthony Rovetuso.

## Supplemental Opinion

This cause coming on to be heard on the motion of Respondent for entry of an order terminating periodic support payments, which are being made pursuant to this Court's order of March 30, 1976, to Marie Rovetuso Lodovich for the use and benefit of Matthew Bowman, the minor step-son of the deceased victim.

The Court has been advised that Matthew Bowman died prior to the expiration of those periodic support payments.

It is therefore ordered that the periodic support

payments awarded to Matthew Bowman terminate forthwith.